UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERI TUCKER,<br><br>          Plaintiff,<br> v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., A SUBSIDIARY OF AMERICAN INTERNATIONAL GROUP, INC.,<br><br>          Defendants. | 3:09 - CV - 1499 (CSH) |

**RULING ON PLAINTIFF'S EMAILED REQUEST FOR RECONSIDERATION**

HAIGHT, Senior District Judge:

By email dated February 23, 2012, plaintiff's counsel, Jeffrey Bagnell, informed the Court and opposing counsel, Dennis Brown, that plaintiff seeks reconsideration of rulings this Court made on National Union's Objections to Re-Notice of Depositions (Doc. #138). Specifically, with respect to paragraph 17 of National Union's Objections, plaintiff objects to the Court's ruling regarding her request for information on "[r]enewal applications and related documents sent to or received from Journal Register Company and any of its subsidiaries for EPLI or related policies issued **from 2000 through 2009** issued to Journal Register Company or any of its subsidiaries." Doc. #138-1, p. 6 (¶ 17) (emphasis added). Ruling on paragraph 17, the Court sustained defendant's objection in part (as overly broad in subject and scope) and limited plaintiff's inquiry to applications and documents related to the EPL Policy relevant to her claim. Doc. #138, p. 5 (¶ 17). In so doing, the Court

1

limited plaintiff's inquiry to the period of 2003 and 2004, the years pertinent to the EPL Policy in this case.

In paragraph 18, plaintiff requested information regarding the "number of EPLI or related policies issued to Journal Register Company or any other of its subsidiaries **from 2000 through 2009** and the amount of premiums collected from the issuance and/or successive renewal of those policies." Doc. #138-1, p. 6 (emphasis added). The Court once again sustained National Union's objection in part because the information sought was overly broad but allowed plaintiff to "inquire with respect to the EPL Policy referenced in this action." Doc. #138, p. 5 (¶ 18). In effect, plaintiff was given leave to inquire as to premiums paid for the particular EPL Policy under which she now seeks to recover.

However, rather than limiting the scope of her inquiry to the relevant EPL Policy in this action, and its dates of renewal and existence (2003 to 2004), plaintiff now seeks leave to query defendants' witnesses on renewals and premiums relating to any EPL policy National Union issued to Journal Register from 2000 to 2009. In support of this broad request, Attorney Bagnell asserts that " a  single EPLI policy was issued to Journal Register in the early 2000s" and it "was renewed successively for one year periods thereafter." *See* Email from Attorney Bagnell, dated 2/23/2012. Attorney Bagnell further contends that "the full scope of renewals" and "the full amount of premiums collected . . . are relevant to the issue of bad faith in the defendants' business practices." *Id*.

The Court finds this argument to lack merit. The relevant "unfair claim settlement practices" for purposes of CUIPA are enumerated at Conn. Gen. Stat. § 38a-816(6) and none pertain to practices involving renewal of or premiums from extraneous policies issued either before or after

the policy at issue.[1]  Similarly, with respect to breach of the implied covenant of good faith and fair dealing, and as set forth in plaintiff's Amended Complaint, National Union's relevant business practices are comprised of the "acts and omissions in its handling of Tucker's claim" under the "terms of the Policy."  Doc. #126 at ¶¶ 91-92.  Put simply, defendants' actions are not relevant unless they relate to the referenced policy or contract in the case.  Lastly, plaintiff has presented no facts or law to warrant consideration of multiple successive policies as actually constituting one policy.

Construing plaintiff's emailed request as a Motion for Reconsideration under Local Rule 7(c), the Court hereby denies it.  First, the motion is procedurally barred in that it is unaccompanied by the mandatory "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  D. Conn. L. Civ. R. 7(c)(1).  Second, as set forth above, even if the Court construes Attorney Bagnell's email as comprising the requisite memorandum and considers the motion on its merits, plaintiff has presented no "controlling decisions or data that the court overlooked — matters, in other  words, that might reasonably be expected to alter the conclusion reached by the court.'"[2]  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

---

[1] Conn. Gen. Stat. § 38a-816 (6) enumerates the various business practices which comprise "[u]nfair claim settlement practices."  Those practices include, *inter alia*, "failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies;" "failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;" and "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."  Conn. Gen. Stat. § 38a-816 (6).

[2] As Mr. Bagnell recites in his email, the Court is mindful of the broad scope of Fed. R. Civ. P. 26(b)(1).  Nonetheless, unless an inquiry is at least " reasonably calculated to lead to the discovery of admissible evidence," that inquiry is improper in scope even at deposition.  *Id.*

257 (2d Cir.1995).  Accordingly, plaintiff's emailed request for reconsideration is DENIED.

     It is SO ORDERED.

Dated: New Haven, Connecticut
       March 2, 2012

                                    */s/Charles S. Haight, Jr.*
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge